**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2413
_____

In re: ROWENA V. WAGNER,
Debtor


BERNARD WAGNER,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 1:20-cv-00083)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 28, 2022


(Filed: May 5, 2022)

Before: HARDIMAN, RENDELL, and FISHER, *Circuit Judges*.


_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

RENDELL, *Circuit Judge*.

Appellant Bernard Wagner challenges the Bankruptcy Court's allocation of marital property between himself and his ex-wife, Appellee Rowena V. Wagner. The District Court affirmed the Bankruptcy Court's Opinion in all respects, finding it to be "carefully reasoned," "thorough," and free from error. Appx. 116–120. We will affirm.

Because we write for the Parties only, we need not recite the facts or procedural history of this case, which is laid out in detail in the Bankruptcy Court's extensive opinion. *See* Appx. 70–111.

We have jurisdiction to hear this appeal pursuant to 28 U.S.C. §§ 158(d) and 1291. Like the District Court, we review the Bankruptcy Court's findings of fact for clear error and exercise plenary review over its findings of law. *See In re Zinchiak*, 406 F.3d 214, 221–22 (3d Cir. 2005).

Appellant repeats many of the same arguments rejected below, none of which has any merit. First, Appellant insists that he and Appellee had an unwritten partnership agreement which ought to control the classification and distribution of farm assets in a manner favorable to Appellant. Yet, as the Bankruptcy Court found, Appellant presents no authority or rationale showing why this unproven agreement should displace the Pennsylvania Divorce Code in setting the terms of property allocation. Nor is there any record evidence supporting his belated assertion that the Parties intended the agreement to remove the farm and related assets from being considered marital property in the event of divorce. Second, the Bankruptcy Court did not err in excluding Appellee's Philippines properties from its consideration because the Court had good reason to

2

conclude these inherited "shanties" have no real value.  Appx. 400.  Finally, we detect no basis to disturb the Bankruptcy Court's 55/45 property allocation in favor of Appellee, which was based on a very thorough weighing of the relevant state law factors.  This "slight advantage" for Appellee is well-justified by the fact that, unlike Appellant, she does not have guaranteed income and housing, and she will also likely outlive Appellant by many years.  Appx. 108.

Accordingly, we will affirm.